FILED
JAN 10 2020
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Timothy Bell, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-3509 (UNA) |
| ) | |
| Harold A. Baker, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff is detained at a facility in Rushville, Illinois. He has sued U.S. District Judge Harold A. Baker in the Central District of Illinois for injunctive relief and "some form of compensation." *Id.* at 2. Plaintiff alleges that following "a merit review hearing for granting leave to proceed in forma pauperis," Judge Baker allowed him "to proceed on [just] one claim of

deliberate indifference." Compl. ¶ 2. Plaintiff suggests that in dismissing his other "claims of deliberate indifference," Judge Baker ignored the extent of his injuries. Compl. ¶¶ 2-4.

This federal district court is not a reviewing court and thus lacks jurisdiction to review Judge Baker's decisions and order him to take any action. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *accord Atchison v. U.S. Dist. Courts*, 240 F. Supp. 3d 121, 126, n.6 (D.D.C. 2017) ("It is a well-established principle that a district court can neither review the decisions of its sister court nor compel it to act."). Apart from the jurisdictional barrier, Judge Baker enjoys absolute immunity from this lawsuit because it is premised on his decisions rendered while presiding over an *in forma pauperis* proceeding, which falls squarely within the district court's jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam); *see Miller v. Marriott Int'l LLC*, 378 F. Supp. 3d 1, 7 (D.D.C. 2019) (a judge's "issuance of an order . . . is a quintessential judicial act for which [the judge] enjoys absolute immunity"); *Caldwell v. Obama*, 6 F. Supp. 3d 31, 44 (D.D.C. 2013) ("The acts of assigning a case, ruling on pretrial matters, and rendering a decision all fall within a judge's judicial capacity.") (citations and internal quotation marks omitted)). Consequently, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: January __8__, 2020                             _____
                                                       United States District Judge

2